VILLAGE OF PLAIN, Respondent, vs. HARDER, Commissioner of Taxation, Appellant.

*December 10, 1954—January 11, 1955.*

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Spohn, Ross, Stevens, Lamb & Pick* of Madison, and oral argument by *William H. Spohn* and *Frank A. Ross, Jr.*

FAIRCHILD, C. J.    The taxpayers are residents of the village of Plain. They are partners and contractors engaged in road building. Although in 1947 and 1948 the partnership performed various road-construction contracts in local political subdivisions of the state outside of the village of Plain, in the state income-tax returns filed by both the partnership and the individual partners, all of the income from such partnership was indicated as having been derived from within said village of Plain. In the distribution of the proceeds of the income-tax collections, the department of taxation accordingly included the income taxes paid by said individual partners on their partnership income as derived from within said village of Plain, and calculated and made distributions to the village of Plain upon that basis. Subsequently, pur-

suant to the provisions of sec. 71.14, Stats., several of the local subdivisions in which said partnership did road construction made claims that the income taxes of said partners upon the income from the road construction performed within their boundaries were erroneously distributed to the village of Plain and should be paid to them by said village. The department of taxation applied its own Rule 116, approved the claims of said local units, and withheld the respective amounts of said claims from the next distribution of income taxes to the village of Plain.

Appellant cites sec. 71.11 (24) (a), Stats., and contends (1) that Rule 116 is valid under the broad rule-making power granted to the department of taxation by that section; and (2) that the fact that it has been in full operative effect as a rule of the taxing authorities since 1932 indicates legislative acquiescence.

Sec. 71.11 (24) (a), Stats., grants to the taxing authorities the following power:

"The department of taxation is hereby empowered to make such rules and regulations as it shall deem necessary in order to carry out the provisions of this chapter."

Appellant's chief argument is that "in order to carry out the provisions of" ch. 71, Stats., to make the chapter workable, and especially to make the income-tax law apply consistently to domestic and foreign businesses transacting business in this state, the tax commission was empowered by the above section to interpret ch. 71, Stats., as a whole, and more particularly sec. 71.07 (1), Stats., which provides:

"71.07 SITUS OF INCOME; ALLOCATION AND APPORTIONMENT. (1) For the purposes of taxation income from *mercantile or manufacturing business,* not requiring apportionment under section 71.07 (2) shall follow the situs of the business from which derived. Income derived from rentals and royalties from real estate or tangible personal property, or from the operation of any farm, mine, or quarry, or

from the sale of real property or tangible personal property shall follow the situs of the property from which derived. *All other income,* including royalties from patents, income derived from personal services, professions, and vocations and from land contracts, mortgages, stocks, bonds, and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in section 71.08." (Emphasis supplied.)

Drawing upon the first sentence of that section, "For the purposes of taxation income from mercantile or·manufacturing business, . . . shall follow the situs of the business from which derived," the tax commission interpreted "mercantile or manufacturing business" to include "construction contracts" and formulated Rule 116:

"The income derived from construction contracts is taxable in the district in which the work is performed."

The business of respondent's taxpayers is contracting for road building, and Rule 116 having been formulated, such business would fall under the rule and the income from it would be taxable in the district in which the work was performed. However, it is clear that road building is neither a "mercantile" nor a "manufacturing" business. To give such an interpretation to those terms is patently to distort the plain language of the statute. Such was not the intention of the legislature in granting rule-making power to an administrative agency. There is no ambiguity in sec. 71.07 (1), Stats., creating uncertainty as to the situs of taxation of the income of respondent's taxpayers who are residents of the petitioning village. The first two sentences of sec. 71.07 (1) names certain specified sources of income and gives their siti. Those sources of income are not applicable to respondent's taxpayers. Their income is not derived from mercantile or manufacturing business. Neither is it derived from rentals and royalties from real estate or tangible personal property,

or from the operation of any farm, mine, or quarry; or from the sale of real property or tangible personal property. After specifying certain sources of income, which are not applicable to respondent's taxpayers, the statute then states: *"All other income . . .* shall follow the residence of the recipient, . . ." The fact that certain specified incomes are *included* in "all other income" does not limit the general to the specific. "All other income" means all income not specifically mentioned in sec. 71.07 (1), and is applicable to the income of the taxpayers in the instant case. The statute is unambiguous as to Wisconsin taxpayers.

While distribution of income taxes in accordance with Rule 116 has not heretofore been seriously challenged, the rule is that the statute controls, and the situs in this instance is governed by the enactment of legislation. The trial court ruled that the provisions in Rule 116 could be made possible only by substantive law and enactment of the legislature. Rule 116 is not a rule of procedure; it is not implementing a statute. We agree with the trial court that it is so out of harmony with the statutes controlling the situs of taxation of income as to be beyond the rule-making power of an administrative agency. The legislature, of course, cannot delegate unqualified rule-making authority to such an agency or board which may amount to legislation. It can have no force against the plain language of the statute. The rule-making power does not extend beyond the power to carry into effect the purpose as expressed in the enactment of the legislature. "A rule out of harmony with the statute is a mere nullity." *Manhattan General Equipment Co. v. Commissioner,* 297 U. S. 129, 134, 56 Sup. Ct. 397, 80 L. Ed. 528. Citing *Lynch v. Tilden Product Co.* 265 U. S. 315, 44 Sup. Ct. 488, 68 L. Ed. 1034; see also *Kelso & Co. v. Ellis,* 224 N. Y. 528, 121 N. E. 364. Further, in *State ex rel. Raymer v. Cunningham,* 82 Wis. 39, 50, 51 N. W. 1133, it is said that a

customary violation of the plain language of the law gives no authority for continuing such violation. See also *Smith v. State,* 161 Wis. 588, 155 N. W. 109.

As said by the circuit trial judge, in his well-pointed summary of the matter, "The controversy arises because the department of taxation has sought to distribute the tax to the municipalities where particular road jobs were performed by the partners. The department relies upon its own rule, Rule 116, which—so far as herein material—is contained in a single sentence: 'The income derived from construction contracts is taxable in the district in which the work is performed.'

"We can dispose of this lawsuit in one terse, albeit dogmatic, paragraph:

"The Wisconsin department of taxation has no lawful power to enact any such legislation. This, we say, *is* enactment. It *is* legislation. This is the determination of situs for taxation purposes. This is the passing of substantive law. This is *not* a rule of *procedure*. This is not 'implementing' a statute. This is *making* a statute."

From the foregoing it is apparent that we are not dealing with the distribution of taxes levied under sec. 71.01 (1), Stats., upon nonresidents, the situs of whose income is the state of Wisconsin.

*By the Court.*—Judgment affirmed. No costs allowed.