DEPARTMENT OF TAXATION, Appellant, vs. ALUMINUM GOODS MANUFACTURING COMPANY, Respondent.*

*March 5—April 9, 1957.*

* Motion for rehearing denied, without costs, on June 26, 1957.

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Fairchild, Foley & Sammond* and *Theodore C. Bolliger,* all of Milwaukee, and oral argument by *Mr. Bolliger.*

FAIRCHILD, J.    The statute involved is sec. 71.07, Stats. 1947, which reads as follows:

"71.07   SITUS OF INCOME; ALLOCATION AND APPORTION-MENT. (1) For the purposes of taxation income from mercantile or manufacturing business, not requiring apportionment under section 71.07 (2) shall follow the situs of the business from which derived. Income derived from rentals and royalties from real estate or tangible personal property, or from the operation of any farm, mine, or quarry, or from the sale of real property or tangible personal property shall follow the situs of the property from which derived. All other income, including royalties from patents, income derived from personal services, professions, and vocations and from land contracts, mortgages, stocks, bonds, and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in section 71.08.

"(2) Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. The amount of such income apportionable to Wisconsin may be determined by an allocation and separate accounting thereof, when, in the judgment of the department of taxation, that method will reasonably reflect the income properly assignable to this state, but otherwise in the following manner: There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) as follows the situs of the property or the residence of the recipient; provided, that in the case of income which follows the residence of the recipient, the amount of interest and dividends deductible under this provision shall be limited to the total interest and dividends received which

are in excess of the total interest (or related expenses, if any) paid and allowable as a deduction under section 71.04 during the income year. The remaining net income shall be apportioned to Wisconsin on the basis of the ratio obtained by taking the arithmetical average of the following three ratios:"

Sub. (1) of sec. 71.07, Stats., separates income into three classes. The first has the situs of the business from which derived; the second the situs of the property from which derived, and the third follows the residence of the recipient. The first two classes are, in form, specifically defined and the third is "all other income." While certain types of income are specified as included within the third class, we conclude that the specification does not exclude types not named, nor detract from the literal meaning of "all other income."

There is no claim that the interest on tax refunds falls into the second class, and since all income not within the first or second classes falls into the third, the sole question is whether these interest payments are "income from mercantile or manufacturing business." Respondent's business in Wisconsin is clearly manufacturing, so that the question narrows down to whether the interest payments are income from the business.

We think it clear that they are not. Interest accrued to respondent not because of or out of the operation of its business, but because the statutes of the state and the United States cause interest to accrue when a taxpayer has paid more than he owes. We do not see that it makes any difference that the adjustments of tax liability which gave rise to the refunds resulted from recomputation of respondent's income from business rather than from investment securities. Both the tax obligations which were overpaid were imposed upon the respondent by reason of its being a person or corporate entity. Neither was a tax on particular property nor upon transactions identified with a particular property or business.

Because these interest payments are not income from the business, they fall into the third class and follow the residence of respondent, which is outside this state. Under sub. (2) of sec. 71.07, Stats., they must be deducted from the total net income before applying the apportionment formula.

We agree with the circuit court that the statute is not ambiguous and that the construction previously followed by the department is erroneous. An administrative construction is not to be given force if inconsistent with an unambiguous provision of law. *Plain v. Harder,* 268 Wis. 507, 68 N. W. (2d) 47.

The attorney general points out that the importance of this case lies in establishing the correct rule for the department and not in any material gain or loss of revenue to the state. If the department be prevented from collecting a tax on a portion of tax-refund-interest payments received by nonresident taxpayers, it will be enabled to collect a tax on all of similar interest payments received by resident taxpayers.

*By the Court.*—Judgment affirmed.

The following memorandum was filed June 26, 1957:

PER CURIAM (*on motion for rehearing*). Appellant's motion for rehearing is denied.

In support of its motion appellant calls attention to our statement that under sec. 71.07 (1), Stats., interest received on refunds of income and privilege dividend taxes is not income from business; and appellant says that it has construed sec. 71.04 (2) as permitting a corporation to deduct interest paid on income-tax deficiencies from its gross income as "interest . . . paid during the year in the operation of the business from which its income is derived." Appellant urges that secs. 71.04 (2) and 71.07 should be construed consistently in this regard and that appellant's treatment of interest paid on tax deficiencies under sec. 71.04 (2) discloses

an ambiguity in sec. 71.07 with regard to treatment of interest received on tax refunds. If there be such ambiguity, appellant says that we should then construe sec. 71.07 as the appellant has construed it.

We deem that the correctness of appellant's interpretation of sec. 71.04 (2), Stats., need not be decided in the case before us. Whether correct or not, it requires no change in our interpretation of sec. 71.07 set forth in the opinion.