GERALD P. SCHOENFELDER v. COMMISSIONER
OF TAXATION.

201 N. W. 2d 822.

October 20, 1972—No. 43596.

*Faegre & Benson, Jack D. Gage,* and *Hubert V. Forcier,* for relator.
*Warren Spannaus,* Attorney General, and *C. H. Luther,* Special Assistant Attorney General, for respondent.

PER CURIAM.
Writ of certiorari to review a decision of the Tax Court affirming orders of the commissioner of taxation disallowing a net operating loss incurred by relator in 1966 as a loss carryback for state income tax purposes.

Relator, an individual cash-basis taxpayer for both Federal and state income tax purposes, was engaged in the business of acquiring and leasing real estate situated both within and without the State of Minnesota during the taxable years 1963 to 1966. He realized taxable income,

as defined by Federal and state income tax laws, in the years 1963, 1964, and 1965. In 1966 he incurred a net operating loss of $171,134.46. Of that amount, $9,926.01 resulted from leases of real estate situated within Minnesota; the balance, $161,208.45, resulted from leases outside the state. The $171,134.46 was allowed as a net operating loss carryback for 1963 to 1965 for Federal income tax purposes. Relator filed claims for refunds of Minnesota income taxes paid for 1963 to 1965, basing his claim on the reduction of his Federal adjusted gross income for those years. The commissioner of taxation allowed a net operating loss carryback only in the amount of $9,926.01, the amount attributable to operations within the State of Minnesota.

The issue for determination is whether the Minnesota income tax statute in effect in 1966 prohibited the carryback by an individual taxpayer of a net operating loss attributable to operations outside the State of Minnesota to offset income taxable in the prior years as a result of operations conducted within the state. The issue is nonrecurring because Minn. St. 1969, § 290.01, subd. 20, has been amended by L. 1971, c. 206, to deny the allowance of such net operating losses to individual taxpayers in language substantially the same as that which denies the allowance of such losses to corporate taxpayers.

Notwithstanding the prior absence of a statutory provision explicitly denying the net operating loss in issue, we are persuaded that the statute, considered as a whole, evinces such legislative intent. The definition of individual gross income for Minnesota income tax purposes stated in Minn. St. 290.01, subd. 20, may not be read in isolation from §§ 290.095, 290.09, 290.17, and 290.18. So considered, we think the legislature manifested its intent that a net operating loss carryback was to be available to an individual taxpayer only to the extent of losses connected with his income-producing activities attributable to Minnesota.

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.