SWEITZER, Appellant, v. DEPARTMENT OF REVENUE, Respondent.

*No. 305. Argued September 30, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 662.)

236

For the appellant there were briefs by *Bernard S. Kubale, Benjamin F. Garmer, III, John R. Dawson* and *Foley & Lardner,* all of Milwaukee, and oral argument by *Mr. Dawson.*

For the respondent the cause was argued by *Sverre O. Tinglum,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The issue presented by this appeal is whether a loss incurred by the appellant, a Wisconsin resident, as a result of his interest as a limited partner in a New York limited partnership is allowable in this state for the purpose of determining his Wisconsin income taxes.

The facts in this case have been stipulated; therefore, the issue presented on appeal involves a question of law and the determinations of the commission are reviewable by both the circuit court and this court. *See: National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 163 N. W. 2d 625; *Pabst v. Department of Taxation* (1963), 19 Wis. 2d 313, 120 N. W. 2d 77.

The appellant was a resident of Marathon county, Wisconsin. November 9, 1967, he executed an agreement of limited partnership and contributed $50,000 to the capital of a New York limited partnership known as Elk Grove Air Equipment Company. He thereby became one of 63 limited partners. In addition to the limited partners, Elk Grove had two general partners.

The New York limited partnership is engaged in the business of leasing two commercial jet aircraft to United Air Lines under a fifteen-year lease. It is not engaged in business in Wisconsin. The conduct of business by and management of the limited partnership is vested in the exclusive control of and subject to the sole judgment of the two general partners. The limited partners are precluded from taking any part in the management of the business or affairs of the limited partnership and have no authority to act for or bind it in any way. The general partners are not accountable and cannot be held liable or responsible to the limited partners for any of their activities unless undertaken in bad faith or conducted in a grossly negligent manner. The general partners have sole discretion in the distribution of the limited partnership funds.

The limited partners cannot withdraw from the partnership and are precluded from withdrawing any or all of their capital contributions. Limited partners cannot transfer or encumber their interests without the written consent of the general partners, except that they have the right to assign their interest to members of their

immediate families or to a trust for the benefit of their immediate families.

During the calendar year 1968, Elk Grove Air Equipment Company incurred a net loss of $1,625,353.15. Appellant's allocable share of this loss was $27,017.27, less than two percent of the total.

Appellant included this loss in calculating his Wisconsin net taxable income in his Wisconsin income tax return for 1968. Appellant's self-assessed Wisconsin income taxes for 1968 were in the amount of $5,463.78. On the basis of this determination, he claimed a joint refund due him in the amount of $3,209.30.

The Wisconsin Department of Revenue (hereinafter department) partially denied the claim for refund by disallowing the loss sustained because of the taxpayer's interest in the New York limited partnership. This partial denial resulted in increasing his net taxable income by the amount of the loss, thereby increasing his tax liability and reducing the refund by $2,701.73. The department's decision was based on the view that the loss in question was a loss arising from a business operated outside Wisconsin and, therefore, was not deductible in Wisconsin.

Appellant then filed his application for abatement with the department, claiming that the loss was not business income or loss but a loss derived from intangible personal property and, therefore, it was properly allowable to a Wisconsin resident for computing his Wisconsin income tax. The department denied the application for abatement and appeal was taken to the commission.

The commission affirmed the determination of the department and found, as conclusions of law, that:

1. The claimed loss from operations of the limited partnership has a business situs, all of which is outside of the state of Wisconsin and no part thereof is allowable to Wisconsin under sec. 71.07 (1), Stats.; and

2. that the department correctly disallowed the loss deduction claimed by Sweitzer and correctly disallowed

the portion of the claimed refund based on such claimed loss deduction.

Appellant then filed a petition for review with the circuit court for Marathon county under secs. 73.015 and 227.15–227.20, Stats. The circuit court affirmed the order of the commission. Judgment was entered and this appeal follows.

The applicable statute is sec. 71.07 (1), Stats. 1969, and the pertinent portions of the statute provide:

". . . **Situs of income; allocation and apportionment.** (1) For the purposes of taxation income or loss from business, not requiring apportionment under sub. (2), (3) or (5), shall follow the situs of the business from which derived. Income or loss derived from rentals and royalties from real estate or tangible personal property, or from the operation of any farm, mine or quarry, or from the sale of real property or tangible personal property shall follow the situs of the property from which derived. . . . All other income or loss, including royalties from patents, income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in s. 71.07 (7). . . ."

The taxpayer contends that the loss he incurred as a limited partner was from an interest in intangible personal property and, therefore, in the category of "all other income or loss" under sec. 71.07 (1), Stats. 1969. Therefore, it is argued the loss follows the residence of the taxpayer and should be included in determining his net taxable Wisconsin income.

The department takes the position that even though the taxpayer is a limited partner, he is nevertheless engaged in an income—or loss—producing business in New York. Therefore, because the situs of the business is New York, and not Wisconsin, the income or loss from the business follows the situs of the business under sec. 71.07 (1), Stats. 1969, and not the residence of the taxpayer.

We are of the opinion that the income or loss attributable to this particular limited partnership falls within the class or category of income or loss described in sec. 71.07 (1), Stats. 1969, as "[a]ll other income or loss, including royalties from patents, income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property." Thus, the income or loss would follow the residence of the recipient.

Under the facts of this case, it cannot be said the economic results of the appellant's investment in the limited partnership constitute "income or loss from business" as the term is used in sec. 71.07 (1), Stats. 1969.

The respondent directs our attention to *State ex rel. Arpin v. Eberhardt* (1914), 158 Wis. 20, 147 N. W. 1016. We consider *Arpin* to be not in point because it involved the interest of a Wisconsin taxpayer, as a *general* partner, in a dredging business carried on in Texas.

However, we are of the opinion that the instant case is indistinguishable in principle from *A. L. Skolnik v. Wisconsin Department of Taxation* (1962), 5 W.B.T.A. 41. In that case the petitioner was a Wisconsin resident and the holder of a certificate of interest in an Illinois land trust. The Wisconsin board of tax appeals held that the income to the petitioner was income falling under "[a]ll other income or loss" and the tax situs, therefore, was the residence of the petitioner, not the situs of the real property which was owned by the trust. In so holding, the board emphasized the complete autonomy of the trustees over the management of the trust and the lack of control over or participation in the operation of the trust by the certificate holders. *Skolnik, supra,* page 44. The position of the certificate holders therein was likened to the equitable ownership of a corporation by its shareholders.

We are of the opinion that the appellant's limited partnership interest is similarly analogous to the interest held

by a corporate shareholder. The present limited partnership interest represents a form of equitable ownership divorced from the management and operation of the partnership business. The general partners are completely charged with the operation of the business and are not accountable and cannot be held liable to the limited partners for their activities unless undertaken in bad faith or conducted in a grossly negligent manner. The general partners have sole discretion in the distribution of the partnership funds. Further, the limited partners are prohibited from withdrawing, transferring or encumbering their interests except under very limited circumstances. Also, the limited partner enjoys a limited liability status, thereby insulating him from risk of loss beyond his capital contribution. Other jurisdictions have used such an analogy. *Klebanow v. New York Produce Exchange* (2d Cir. 1965), 344 Fed. 2d 294; *Ruzicka v. Rager* (1953), 305 N. Y. 191, 111 N. E. 2d 878. Also, by statute, a limited partner's interest in a limited partnership is intangible personal property. *See:* Sec. 179.18, Stats.; [1] 2 Cavitch, *Business Organizations* (1974 ed.), sec. 39.08 [3] [d] [i].

The department would limit the operation of the residency rule by circumscribing the category of "[a]ll other income or loss" to income or loss derived from those particular kinds of intangible personal property as therein enumerated. This court has specifically rejected such attempts to circumscribe the scope of that category of income and loss. *Department of Taxation v. Aluminum Goods Mfg. Co.* (1957), 275 Wis. 389, 82 N. W. 2d 349, 84 N. W. 2d 67; *Plain v. Harder* (1955), 268 Wis. 507, 68 N. W. 2d 47. While the category is not limited to income or loss from the specific objects enumerated, it is significant that the holder of each of the types of

---

[1] "179.18 **Nature of limited partner's interest in partnership.** A limited partner's interest in the partnership is personal property."

property listed, by virtue of the terms of the instrument he holds, is normally divorced from the actual operation or control of the enterprise which initially generates the income or loss. Thus, it can be said that the legislature intended to include in that category income derived from other forms of intangible personal property representing equitable ownerships which by their terms divorce the holder from the power of business management. Obviously, the legislature intended that category to reach beyond the active business participant to the passive investor whose interest, being intangible, had no logical situs other than the investor's residence. Under the statutes, gains or losses must be afforded equal treatment.

We here determine that in the present case the passive nature of the limited partnership interest of appellant, emphasized by his complete lack of control of the business (bad faith and grossly negligent conduct excepted) vis-a-vis the right to participate in the management and operation of the partnership, prevents the income or loss derived from being subject to the business situs rule of sec. 71.07 (1), Stats. 1969. The limited partnership interest of the appellant falls within the "[a]ll other income or loss" category of the statute and thus the residency provisions thereof are controlling. Once having reached this decision, it becomes unnecessary to discuss the cases relied upon by both parties which deal with general partnership interests. For the same reason, it is also unnecessary to determine whether all interests which might be designated intangible personal property fall under the same residency rule, or to interpret the language in the statute relating to "income or loss . . . from the sale of similar intangible personal property . . . ."

The judgment of the circuit court is reversed, and the cause remanded.

*By the Court.*—Judgment reversed, and cause remanded.