PAUL H. SEBRECHTS AND ANOTHER v.
COMMISSIONER OF TAXATION.

241 N. W. 2d 810.

April 30, 1976—No. 45999.

*Warren Spannaus,* Attorney General, and *Kenneth E. Raschke, Jr.,* Special Assistant Attorney General, for relator.

*Frommelt & Eide* and *Roger H. Frommelt,* for respondents.

SCOTT, JUSTICE.

In this case the commissioner of taxation[1] issued an order assessing additional income taxes against respondents. The Tax Court reversed that order and we granted certiorari. We affirm.

Paul Sebrechts was employed as an officer in the United States Navy, stationed in California, and a resident of Minnesota, as was his wife, Jeanne. Respondents, during the relevant period, owned non-income-producing real property in San Diego that served as their homestead. During 1967, 1968, and 1969, they paid real estate taxes on this property and deducted the amounts paid from their gross income in computing their Minnesota income tax. During the same years, respondents paid interest on a mortgage on this property and deducted those amounts also in computing their Minnesota income tax. All of respondents' personal income was assigned to the State of Minnesota.

The issue presented in this case is whether the Tax Court was correct in holding that real estate taxes and interest paid upon such property located outside of the state are deductible in computing Minnesota income tax.

Deductions from gross income in computing net income are allowed by Minn. St. 290.09, subds. 3 and 4, for interest paid or

---

[1] Now commissioner of revenue, Minn. St. 270.02, subd. 1.

accrued on indebtedness and for taxes paid or accrued during the taxable year. In computing taxable net income, Minn. St. 290.18, subd. 1, provides that the deductions allowed by Minn. St. 290.09 "* * * shall be allowed to the extent that they are connected with and allocable against the production or receipt of such gross income assignable to this state."

It is clear that Navy pay is assignable to taxpayers' Minnesota income under Minn. St. 290.17 [2] even though it is not income from sources within the state. The commissioner argues, however, that the deductions claimed here are not allocable against income taxable in Minnesota but rather are connected with the ownership of California real estate.

The allocation of deductions to income is a tax procedure which may not correspond to strict practical rules of cause and effect. The purpose of allocation is not to maximize tax payments but to obtain a fair assignment of taxable income. This purpose is evident in Minn. St. 290.20, which allows the commissioner, upon a taxpayer's petition, to provide alternate methods of allocation if standard methods do not produce a fair assignment.

The question here is not whether the amounts spent for taxes and mortgage interest on a home in California produced taxpayers' Navy pay, but rather whether allowing them to deduct such expenditures will result in a fair assignment of income. Taxpayers argue that they should be denied a deduction only if the interest and tax expenditures here are allocable against income not taxable in Minnesota. If the expenses are not allocable to income in another state and the property is not held for the

---

[2] Minn. St. 290.17(1), provides: "The entire income of all resident or domestic taxpayers from compensation for labor or personal services, or from a business consisting principally of the performance of personal or professional services, shall be assigned to this state, and the income of non-resident taxpayers from such sources shall be assigned to this state if, and to the extent that, the labor or services are performed within it; all other income from such sources shall be treated as income from sources without this state."

production of income, taxpayers argue that the legislature intended that the expenses be allocable against Minnesota income.

The commissioner argues that Minn. St. 290.09 evinces a policy of disallowing all deductions which are related to activities the gain from which, *if any*, would be of a type or class which is exempt from Minnesota tax. The commissioner adds that the gain upon the disposition or sale of taxpayers' California property would not be a class included in the measure of the Minnesota income tax. This argument, however, implies that no deduction can be allowed for an activity which at some time might produce a gain not taxable in Minnesota. This is contrary to the policy of the governing statutes which allow such deductions to the extent that they are allocable to income assignable to Minnesota. As the taxpayers point out, almost all property may or may not produce a gain taxable by Minnesota upon its disposition. Gain on property involved in this case probably would go unrecognized due to investment of that gain in property of like character.

The commissioner cites Minn. Income Tax Regs. 2009(4) and 2018(1)(a)(2) as authority for disallowing the deductions sought here. Minn. Income Tax Reg. 2009(4) states, in part:

"* * * Taxes on real estate located without this State where the income from such property is not includible in gross income assignable to Minnesota are not deductible."

Minn. Income Tax Reg. 2018(1)(a)(2) states:

"M.S.A. 290.09 permits some deductions which are not connected with and allocable against the production or receipt of gross income assignable to Minnesota. If such deductions are connected with and allocable against the production or receipt of gross income assignable to some other state or country, they do not constitute an allowable deduction. The use of the term 'connected with and allocable against' in the preceding sentence pertaining to other states or countries, is construed in a broad sense. For instance, if a Minnesota taxpayer owns real estate in another state, which at any given time is wholly unproductive of gross

income, the absence of such gross income would not operate to classify the expenses of that property during its unproductive period as deductions not connected with the production of gross income assignable to other states. The fact that the gross income from such property (even though at present it offers no potentiality of gross income) would be assignable to some other state, if and when earned, is sufficient to render the expenses connected with such property totally assignable without Minnesota at any time."

The Tax Court concluded that Minn. Income Tax Reg. 2009 (4) was inapplicable where property not held for the production of income was involved. The Tax Court also concluded that Minn. Income Tax Reg. 2018(1) was contrary to and overruled by Minn. St. 290.09, subd. 3, as to the deductibility of mortgage interest on out-of-state real estate.

It is not necessary to reach the question of conflict between Minn. Reg. 2018(1) and Minn. St. 290.09 and 290.18, however, because this court finds that the deductions sought here are allocable to Minnesota income. Similarly, it is not necessary to discuss Minn. Income Tax Reg. 2009(4) because it expressly refers only to situations where out-of-state real estate produces income not assignable to Minnesota.

The adoption of the commissioner's findings would absolutely preclude respondents from taking any deductions of the kind permitted under Minn. St. 290.09, because they have no income assignable to any other state. This interpetation would create an artificial and unintended tax distinction among residents of Minnesota. The commissioner apparently is concerned that taxpayers not be encouraged to speculate in out-of-state property and deduct the interest and tax expense in Minnesota while reporting the gains in another state. This policy supports disallowing deductions related to property held for the production of income, but it does not apply well to property not held for that purpose.

Affirmed.