Gerald and Sally FRIEDELL, et al., Relators,

v.

COMMISSIONER OF TAXATION, Respondent.

COMMISSIONER OF TAXATION, Respondent,

v.

Robert L. and Joyce A. HENRETTA, Relators.

Nos. 47927, 47930.

Supreme Court of Minnesota.

Aug. 4, 1978.

Friedell, McGinty, Solomon, Marker, Watson & Shinofield, Minneapolis, for relators.

Henretta & Enstad and Thomas C. D'Aquila, Minneapolis, for relators.

Warren Spannaus, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for respondent.

Heard before PETERSON, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is a review on writ of certiorari to the Tax Court which had affirmed orders of the Commissioner of Taxation (now Commissioner of Revenue) disallowing certain deductions claimed by relators in calculating their 1972 Minnesota income tax liabilities.  We affirm.

The facts are not in issue.  For the 1972 taxable year relators, all residents and domiciliaries of the State of Minnesota, were general partners [1] in a Minnesota general partnership which invested as a limited partner in a South Dakota limited partnership.  The business purpose of the limited partnership was the purchase, care, and sale of cattle, none of which occurred in Minnesota.  The limited partnership incurred a net operating loss which was passed through the two partnership structures to the individual partners-relators.  Relators included in the calculation of their Federal and Minnesota adjusted gross income their distributive shares of the partnership loss.  Relator Henretta invested additionally in three other Minnesota general partnerships whose business purposes were to own and develop interests in oil and gas leases.  None of the leases was located in Minnesota.  Henretta included in the determination of his 1972 Minnesota gross income his distributive share of the items of income,

---

1. Each of the male taxpayers was engaged primarily in the private practice of law in Minneapolis, Minnesota.

gains, losses, deductions, and credits reported by the partnerships in their 1972 partnership income tax returns. The net result to relator Henretta was a reduction in his 1972 Minnesota adjusted gross income. The Commissioner's order disallowing relators' deductions for the partnership losses was affirmed by the Tax Court. Relators' petition for certiorari followed.

■ Our review begins with Minn.St. 290.01, subd. 20. That statute provides that the calculation of an individual's Minnesota income tax liability begins with the Federal definition of adjusted gross income. The statute further provides for certain modifications which either increase or decrease the taxpayer's Federal adjusted gross income in order to arrive at the taxpayer's Minnesota adjusted gross income. One of the modifications reads as follows:

"(a) Modifications increasing federal adjusted gross income. There shall be added to federal adjusted gross income:

\* \* \* \* \* \*

(6) Losses which do not arise from events or transactions which are assignable to Minnesota under the provisions of sections 290.17 to 290.-20 \* \* \*."

Minn.St. 290.01, subd. 20(a)(6).

The precise question for review is whether the losses claimed by relators, having been incurred by partnerships in connection with business activities conducted wholly outside the state, are assignable to Minnesota.

Relators argue that the losses are derived from investments which should be considered intangible personal property not employed in the business of the recipient and, therefore, assignable to the domicile of the taxpayer under the provisions of Minn.St. 290.17(2).[2] Relators support their argument with *Sweitzer v. Wisconsin Department of Revenue,* 65 Wis.2d 235, 222 N.W.2d 662 (1974). There the issue was whether a loss incurred by a Wisconsin resident as a result of his interest as a limited partner in a New York partnership was allowable for the purpose of determining his Wisconsin income tax liability. The Wisconsin Supreme Court ruled in favor of the taxpayer on the grounds that the taxpayer's limited partnership interest, being a form of equitable ownership divorced from the management and operation of the partnership business, was analogous to the interest held by a corporate shareholder. As such the loss incurred as a limited partner was from an interest in intangible personal property which, under the Wisconsin statutory scheme, followed the residence of the recipient. Because the Wisconsin and Minnesota statutory schemes are similar,[3] relators seek for the same result here.[4] The Commissioner argues, on the other hand, that the losses, being derived from a business conducted wholly outside the state, are not assignable to Minnesota under the provisions of Minn.St. 290.17(3).[5] We agree

---

**2.** The pertinent language reads as follows: "\* \* \* Income or gains received from intangible personal property not employed in the business of the recipient \* \* \* shall be assigned to this state if the recipient thereof is domiciled within this state; \* \* \*."

**3.** The Wisconsin Supreme Court quoted the following provisions of Wis.Stats. 1969, sec. 71.07(1): "\* \* \* *Situs of income, allocation and apportionment.* (1) For the purposes of taxation income or loss from business, not requiring apportionment under sub. (2), (3) or (5), shall follow the situs of the business from which derived. Income or loss derived from rentals and royalties from real estate or tangible personal property, or from the operation of any farm, mine or quarry, or from the sale of real property or tangible personal property shall follow the situs of the property from

which derived \* \* \*. All other income or loss, including royalties from patents, income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in s. 71.07(7) \* \* \*." 65 Wis.2d at 239, 222 N.W.2d at 664.

**4.** Relator Henretta, although a general partner, had no management authority in the partnerships whose purposes were to develop oil and gas leases.

**5.** Minn.St. 290.17(3) reads in part as follows: "Income derived from carrying on a trade or business, including in the case of a business owned by natural persons the income imputable to the owner for his services and the use of

with the Commissioner's position and hold that the partnership losses were properly excluded from relators' calculation of their Minnesota adjusted gross income.

The basis for our holding is the principle of taxation that partnerships are not taxed as such but instead are treated as conduits through which the taxpaying obligation is passed to the individual partners in accordance with their distributive shares. I.R.C. § 701, et seq., Minn.St. 290.31, subds. 1 and 2. See, *United States v. Basye*, 410 U.S. 410, 93 S.Ct. 1080, 35 L.Ed.2d 412 (1973). This principle is further reflected in the Minnesota statutory scheme by Minn.St. 290.311, subd. 1(b). Under that statute each item of partnership income, gain, loss, or deduction, if not characterized for Federal income tax purposes, "shall have the same character for a partner as if realized directly from the source from which realized by the partnership, or incurred in the same manner as incurred by the partnership." "Character" of an item, for state tax purposes, includes the attribute of assignability. Therefore, since the losses incurred by the partnerships would not be assignable to Minnesota under Minn.St. 290.17(3), we hold that these losses retain their non-Minnesota character when passed through the various partnership structures to the individual partners-relators herein.

Affirmed.

his property therein, shall be assigned to this state if the trade or business *is conducted* wholly within this state, and to other states if conducted *wholly without this state* * * *."