## COMMISSIONER OF REVENUE,
### Respondent,

### v.

### Lawrence J. HAYES, Individually, and as Surviving Husband of Marcella McGee Hayes, Deceased, Relator.

### No. 48783.

Supreme Court of Minnesota.

Feb. 2, 1979.

Lawrence J. Hayes and Barry A. Gersick, St. Paul, for relator.

Warren Spannaus, Atty. Gen., Thomas K. Overton, Sp. Asst. Atty. Gen., Dept. of Revenue, St. Paul, for respondent.

Heard before PETERSON, KELLY, and STONE, JJ., and considered and decided by the court en banc.

BRUCE C. STONE, Justice.*

In this appeal from the decision of the Tax Court, taxpayer claims that he is entitled to deduct from his Minnesota gross income the amount of property taxes and interest paid on out-of-state real property held solely for investment. The Tax Court affirmed the order of the Commissioner of Revenue, which denied the taxpayer's claim for refund. We affirm.

The taxpayer-relator, Lawrence J. Hayes, and his wife Marcella, now deceased, asserted their right to deduct interest and real estate taxes paid on Illinois real estate held for investment purposes during 1971 through 1974. With a slight exception, not pertinent to the issue here,[1] the Illinois property produced no taxable income and the relator's taxable income, which came from the practice of law, was 100 percent allocable to the State of Minnesota.

Minn.St.1974, § 290.17(2), which gives the rules for the allocation of gross income, provides in relevant part:

> " * * * Income and gains received from tangible property not employed in the business of the recipient of such income or gains * * * shall be assigned to this state if such property has a situs within it, and to other states only if it has no situs in this state. * * * "

Minn.St.1974, § 290.10(9), disallows deductions for "[e]xpenses, interest and taxes connected with or allocable against the production or receipt of all income not included in the measure of the tax imposed by this act."

Minn.St.1974, § 290.18, subd. 1(1) restates the rule; in defining taxable net income, it allows deductions falling in the express categories of § 290.09[2] "to the extent that they are connected with and allocable

against the production or receipt of such gross income assignable to this state [under § 290.17]."

The statutes do not permit deductions for interest and taxes if they are not connected with gross income assignable to Minnesota. Here, the relator's interest and tax expenses were incurred in relation to investment property whose income, had any been realized during the disputed years, would not have been assigned to Minnesota under Minn.St.1974, § 290.17(2). As such, the claimed deduction does not qualify.[3]

The following Minnesota cases reach a similar result, denying deductions of expenses or losses related to out-of-state investments or business activities: *Friedell v. Commissioner of Taxation* (decided with *Commissioner of Taxation v. Henretta*), 270 N.W.2d 763 (Minn.1978); *Ness v. Commissioner of Taxation*, 270 N.W.2d 258 (Minn.1978); *Schoenfelder v. Commissioner of Taxation*, 294 Minn. 547, 201 N.W.2d 822 (1972); *Minneapolis Star & Tribune Co. v. Commissioner of Taxation*, 287 Minn. 117, 177 N.W.2d 33 (1970); *In re Estate of Abbott*, 213 Minn. 289, 6 N.W.2d 466 (1942).

The relator cites *Sebrechts v. Commissioner of Taxation*, 308 Minn. 274, 241 N.W.2d 810 (1976), as supporting his position. Taxpayer there was an officer in the United States Navy, stationed in California, but he and his wife were Minnesota residents assigning all of their personal income to Minnesota. This court permitted the taxpayer, in computing his Minnesota income tax, to deduct the mortgage interest and real estate taxes pertaining to his nonincome producing real property in California which served as taxpayers' homestead.

*Sebrechts* represents an exception to the general rule, as the court recognized. Se-

---

\* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

1. Taxpayer sold a small lot in 1973. The capital gain was allocated to Illinois, not Minnesota. None of the expenses claimed as deductions by taxpayer pertain to that lot.

2. Minn.St.1974, § 290.09, subd. 3(a), permits deduction of "[a]ll interest paid or accrued within the taxable year on indebtedness * * *."

Subd. 4 permits deduction of "[t]axes paid or accrued within the taxable year. * * *."

3. 1977 legislative amendments, which provide generally that income from non-Minnesota investment property owned by a Minnesota resident will be subject to Minnesota income tax, may dictate a contrary result concerning 1978 taxes. L.1977, c. 423, art. I, §§ 1, 16. We do not decide that question.

brechts' only income was his Navy pay, which was assigned to Minnesota, and he did not hold his San Diego property for investment, but rather for a homestead. The court accordingly allowed the deduction of tax and interest expenses, since they were allocable to income assignable to Minnesota. The court reasoned that disallowing the claimed deductions would create an artificial and unintended tax distinction among Minnesota residents, because taxpayers residing in Minnesota homesteads are able to deduct tax and interest expenses on their homesteads. The court acknowledged that the commissioner's argument for disallowing the deduction—to discourage taxpayers from speculating in out-of-state property, reporting gains in another state while deducting expenses in Minnesota—is valid for expenses related to property held for the production of income, but not for expenses related to property not held for that purpose. 308 Minn. 278, 241 N.W.2d 812. Thus, *Sebrechts* is not apt here, where the taxpayer's expenses relate to out-of-state property that is held for the production of income.

The relator did not establish that the Tax Court decision is not in conformity with the law. Minn.St. 271.10, subd. 1. Accordingly, it is affirmed.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.