FRANK A. MEYERS, Administrator Division of Criminal Investigation
You ask for an opinion regarding the applicability of section440.26, Stats., the private detective licensing law, to the hiring of "fire experts" in arson cases. Specifically, you ask whether a district attorney, defense attorney, insurance company and a private individual may each hire an unlicensed "private investigator/expert witness . . . to examine a fire scene or further investigate the cause and manner of a fire." Second, you ask whether such "private investigator/expert witness" may testify in court.
In my opinion, no expert witnesses, whether they be arson experts or any of hundreds of other types of experts, are required to be licensed as private detectives under section440.26, merely because they may investigate matters relating to their fields of expertise. In any event, experts may testify regardless of licensure in this state.
The form of some of your questions seems to equate the position of expert witness with that of private investigator. There is no such necessary relationship and one must therefore separate these concepts.
Initially, I look to the plain language of the statute.
Two types of licenses have been established by the Legislature for private investigators, a "private detective agency license" and a "private detective license." Sec. 440.26 (2)(a), Stats. The former may be issued to individuals, partnerships or corporations. The latter may be issued to an individual owner, co-owner or employe of a licensed agency. Everyone actually engaged in the work of a private detective must have the latter (individual) license. Id.
The scheme of the licensing provisions is designed to protect the public from incompetent and disreputable private investigators by a) prohibiting the licensing of minors; b) subjecting applicants to approval of the Department of Regulation and Licensing (hereinafter, *Page 36 
"the department"); c) imposing requirements for bonding or liability policies on agency and individual applicants; and, d) providing civil and criminal sanctions for violations. Secs.440.26 (1), (3), (4), (6) and (7), Stats. This is a statutory scheme designed to regulate those agencies and individuals who hold themselves out professionally to be private detectives or private security guards. The statute is intended to regulate "those persons who engage in the business or profession of a private detective." 40 Op. Att'y Gen. 497, 498-99 (1951).
The licensing requirements of section 440.26 expressly apply only to private detective agencies, private detectives, investigators, special investigators, private security persons and suppliers of private security personnel. Sec. 440.26 (1), Stats. Nowhere in the statute has the Legislature made any reference to expert witnesses being covered. Indeed, section440.26 comprises the entirety of subchapter II of chapter 440 which subchapter is simply entitled, "Private Detectives."
Support for the proposition that expert witnesses are not required to be licensed as private detectives can be found by referring to the dictionary definition as well as to prior opinions of this office. The term "private detective" is not ordinarily understood to apply to expert witnesses. Common and approved usage and meaning of words may be established by reference to a recognized dictionary. Kollasch v. Adamany,104 Wis.2d 552, 563, 313 N.W.2d 47 (1981). Webster's New Collegiate Dictionary 909 (1979), defines "private detective" as "a person concerned with the maintenance of lawful conduct or the investigation of crime either as a regular employee of a private interest (as a hotel) or as a contractor for fees."
Opinions of this office have even more narrowly construed the term for purposes of the licensing statute. It has been said that the three principal characteristics of a private detective are: "1. He is an unofficial person, not an employe of a governmental agency. 2. He is engaged in obtaining information in secret, in that it is without the knowledge of the person being observed. 3. His information is obtained for and transmitted to a third person." 53 Op. Att'y Gen. 183, 185 (1964), citing 37 Op. Att'y Gen. 469, 470 (1948).
Whether reference is made to the dictionary definition or to the more restrictive description offered in prior opinions of this office, one thing is clear. Expert witnesses were not intended to be covered *Page 37 
by the private detective licensing provisions. For example, a pathologist does not become a private detective because he or she investigates the cause of death or an accountant a private detective because he or she investigates a corporate takeover or a white collar crime. Similarly, a qualified arson expert does not become a private detective merely because he or she investigates the cause and origin of a fire.
The department is authorized to adopt rules implementing these statutory provisions. Sec. 440.03 (1), Stats. It is one of these rules which has quite possibly led to the confusion which prompted your request for an opinion.
Wisconsin Admin. Code § RL 3.01 (8)(a), defines the term "private detective":
 "Private detective" means a person engaged in obtaining or furnishing information with reference to:
 1. Crimes or wrongs done or threatened against the United States or any state or territory thereof;
 2. The identity, habits, conduct, business, occupation; honesty, integrity, creditability, knowledge, trustworthiness, efficiency, loyalty, activity, movement, whereabouts, affiliations, associations, transactions, acts, reputation or character of any person;
 3. The location, disposition or recovery of lost or stolen property;
 4. The cause or responsibility for fires, libels, losses, accidents, damage or injury to person or property;
 5. The securing of evidence to be used before any court, board, officer or investigating committee.
It appears that this definition is more expansive than necessary and the exemptions in section RL 3.01 (8)(b) do not relieve the overbreadth. By its terms, it would effectively include not only most expert witnesses but, also, many lay witnesses. It would include witnesses who investigate and those who do not. It would include witnesses licensed in a myriad of other professions and occupations in this and other jurisdictions. Needless to say, such a result could not have been intended by the Legislature. Even if we were to very narrowly construe the words "engaged in obtaining or furnishing information" to refer only to those whose job or profession *Page 38 
involves such activities, lay witnesses could be eliminated but not expert witnesses. It is impossible, therefore, to harmonize the rule with the statutory scheme.
Since this rule is out of harmony with the controlling statute, it is beyond the rule making power of the agency. Plain v.Harder, 268 Wis. 507, 511, 68 N.W.2d 47 (1955). It is a cardinal rule of construction that the statute controls and a rule out of harmony with the statute is a mere nullity. Id. at 511, citingManhattan General Equipment Co. v. Commissioner, 297 U.S. 129,134 (1936). See, also, section 227.11 (2)(a): a rule is not valid if it exceeds the bounds of correct interpretation.
Your second question, whether such expert witnesses may testify in court, can be answered succinctly, "yes." This would be the case whether or not the witness was required to be licensed. Qualification of an expert witness to testify in Wisconsin has historically been a matter of experience, not licensure. Karl v.Employers Ins. of Wausau, 78 Wis.2d 284, 297, 254 N.W.2d 255
(1977). The qualification of experts is within the sole discretion of the trial court. Maci v. State Farm Fire CasualtyCo., 105 Wis.2d 710, 720, 314 N.W.2d 914 (Ct.App. 1981). An expert may be qualified on the basis of knowledge, skill, experience, training and education. Sec. 907.02, Stats. The particular qualifications of the witness on the issue should control, rather than the label of a profession or trade. Robertsv. State, 41 Wis.2d 537, 551, 164 N.W.2d 525 (1969).
In conclusion, district attorneys, defense attorneys, insurance companies and private individuals may each hire qualified fire investigators as expert witnesses without regard to their licensure and these experts may testify without regard to their licensure.
DJH:DH *Page 39