Gary THELEN and Laura Thelen, Petitioners-Appellants,

v.

## WISCONSIN DEPT. OF HEALTH & SOCIAL SERVICES, Catholic Social Services † and Rembert G. Weakland, † Respondents. †

Court of Appeals

*No. 87–1241. Submitted on briefs January 5, 1988.—Decided February 23, 1988.*

(Also reported in 422 N.W.2d 146.)

---

† Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the petitioners-appellants the cause was submitted on the briefs of *Family Law Center-Edhlund and Cooper, S.C.,* by *Sandra A. Edhlund,* of Milwaukee.

For the respondent Wisconsin Dept. of Health and Social Services the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Donald P. Johns,* assistant attorney general.

For the respondents Catholic Social Services and Rembert G. Weakland the cause was submitted on the briefs of *von Briesen & Purtell, S.C.,* by *Stephen W. Hayes* and *Michael J. Morse,* of Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

MOSER, P.J.  The issue raised in this case is whether sec. 48.64, Stats., requires a hearing before the Department of Health and Social Services (DHSS)

when a licensed adoption agency removes a child from an adoptive placement within six months of the child's placement in a prospective adoptive home. The circuit court affirmed DHSS's decision that no hearing was required. We conclude that sec. 48.64(4)(a) requires a hearing under these circumstances, and reverse the decision of the trial court.

On June 4, 1986, Catholic Social Services (CSS) placed for adoption a two-month-old child with Gary and Laura Thelen (the Thelens). The placement was made pursuant to sec. 48.833, Stats. In accordance with statute, the Thelens obtained a foster home license under secs. 48.62(1) and 48.75(1), Stats.

On September 16, 1986, the Thelens were informed by CSS that it received a telephone call alleging that Laura had had an extramarital affair with a man who had later committed suicide in her presence. The Thelens were asked to supply information concerning these events to CSS by September 30. However, on September 25, 1986, CSS asked the Thelens to bring the child to the agency. The Thelens were informed that a decision had been made to terminate the placement and the child was immediately taken into CSS's custody.

The Thelens filed a petition with DHSS arguing that sec. 48.64(4), Stats., required that they be given a fair hearing on the termination. DHSS, after a hearing on jurisdiction, ruled that it was without authority to review CSS's decision because the placement of the child lasted for less than six months and because the removal was made under provisions of law other than sec. 48.64. On review, the circuit court agreed with DHSS and granted judgment for the defendants.

█ The interpretation of statutes in relation to undisputed facts is a question of law which we review without giving deference to the decision of the lower court. *Bingenheimer v. Wisconsin Dep't of Health & Social Servs.*, 129 Wis. 2d 100, 106, 383 N.W.2d 898, 901 (1986). CSS and DHSS, in arguing that no termination hearing is necessary until the child has been placed for six months, look to sec. 48.64(1m), Stats., and Wis. Admin. Code sec. H.S.S. 51.50(6)(d)(June 1986). Section 48.64(1m) states, in part:

> *If an agency places a child in a foster home under a court order or voluntary agreement under s. 48.63,* it shall enter into a written agreement with the head of the home. The agreement shall provide that the agency shall have access at all times to the child and the home, and that the child will be released to the agency whenever, in the opinion of the agency placing the child or the department, the best interests of the child require it. If a child has been in a foster home or group home for 6 months or more, the agency shall give the head of the home written notice of intent to remove the child, stating the reasons for the removal. The child shall not be removed before completion of the hearing under sub. (4)(a) or (c), if requested, or 30 days from the receipt of the notice, whichever is later, unless the safety of the child requires it. [Emphasis added.]

H.S.S. 51.50(6)(d), states:

> If an extreme family crisis occurs after a child has been placed but prior to finalization of the adoption, the case shall be reviewed by those persons who made the placement and the child shall be removed only if it is in the child's best interest. A decision to remove a child shall be in writing and

discussed in person with the applicants. If a child has been in the home for at least 6 months, such removal shall be made pursuant to s. 48.64, Stats.

█ Neither of these authorities support the proposition that no hearing is necessary if a child is in adoptive placement for less than six months. Section 48.64 (1m), Stats., applies to a child placed pursuant to a court order or a voluntary agreement under sec. 48.63, Stats. There was no court order in the present case. Moreover, an adoptive placement cannot be made under sec. 48.63. Such a placement can only be made under secs. 48.833, 48.835, 48.837 and 48.839, Stats. Sec. 48.63(3). Wis. Admin. Code sec. H.S.S. 51.50(6)(d)(June 1986) applies only in the case of an "extreme family crisis." Since none of the parties argue that such a crisis occurred, this section does not apply.

CSS and DHSS argue that if those sections do not apply, there is no provision for a hearing upon the termination of an adoptive placement. Since there is no provision, they argue, there is no right to a termination hearing. We disagree.

Section 48.64(4)(a), Stats., provides in part:

*Any decision or order issued by an agency that affects the head of a foster or group home or the children involved may be appealed to the department under fair hearing procedures* established under department rules. The department shall, upon receipt of such petition, give the head of the home reasonable notice and opportunity for a fair hearing. The department may make such additional investigation as it deems necessary. Notice of the hearing shall be given to the head of the home and to the departmental subunit, county depart-

ment or child welfare agency that issued the decision or order. Each person receiving notice is entitled to be represented at the hearing. [Emphasis added.]

Since the decision to remove a child from a foster home affects the head of the home, *see Bingenheimer,* 129 Wis. 2d at 109, 383 N.W.2d at 902, this section fills the void created by the inapplicability of sec. 48.64(1m) and Wis. Admin. Code sec. H.S.S. 51.50(6)(d)(June 1986).

CSS and DHSS argue that this section should not apply because it concerns only foster homes, not prospective adoptive homes. This argument fails to consider the fact that a prospective adoptive home must be a licensed foster home. Sec. 48.833, Stats. As the Thelens argue, when the legislature sought to exclude preadoptive foster placements from a foster home statute, it knew exactly how to do it.[1]

■

We realize that our interpretation of sec. 48.64(4), Stats., may appear to put it in conflict with sec. 48.64(1m). When such an apparent conflict occurs, we construe the sections so as to harmonize them and give them each full force and effect. *Bingenheimer,* 129 Wis. 2d at 107, 383 N.W.2d at 901. We will not construe statutes so as to work unreasonable results. *Id.* at 108, 383 N.W.2d at 901.

Our interpretation of sec. 48.64(4), Stats., may be fully harmonized with the language of sec. 48.64(1m). Section 48.64(1m) deals specifically with a sec. 48.63, Stats., foster home placement where an agreement has been made providing that the child will be

---

[1]Section 48.63(3), Stats., for example, states: "Subsection (1) does not apply to the placement of a child for adoption."

released to the adoption agency without a hearing whenever the agency believes it to be in the best interests of the child. Despite such an agreement, the statute allows for a hearing after the child has been placed for six months.

Section 48.64(4), Stats., however, concerns any placement in a foster home and gives the foster parents the right to a hearing in those cases where they have not waived this right by agreement under sec. 48.64(1m). This is such a case.[2] In construing the statute in this manner, both subsections may be fully harmonized.

We therefore hold that the Thelens were entitled to a fair hearing on the termination of the adoptive placement under sec. 48.64(4), Stats. We reverse the decision of the trial court and remand the cause with directions to issue an order to DHSS requiring it to conduct such a hearing.

*By the Court.*—Judgment reversed and cause remanded with directions.

[2]We note that the Thelens entered into an agreement with CSS purportedly in compliance with sec. 48.64, Stats. However, even if an agreement under sec. 48.64(1m) would be valid in an adoptive placement, the language of the present agreement failed to comply with sec. 48.64(1m), and therefore did not waive the right to a hearing under sec. 48.64(4).