MILWAUKEE TRANSPORT SERVICES, INC., Petitioner-Respondent,†

v.

DEPARTMENT OF WORKFORCE DEVELOPMENT,
Respondent-Co-appellant,

Carsandra GRIFFIN, Respondent-Appellant.

Court of Appeals

*No. 00–0644. Submitted on briefs July 26, 2000.—Decided
January 17, 2001.*

2001 WI App 40

(Also reported in 624 N.W.2d 895.)

†Petition to review denied.

337

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Barbara Zack Quindel* and *B. Michele Sumara* of *Perry, Lerner, Quindel & Saks, S.C.*, Milwaukee.

On behalf of the respondent-co-appellant, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Richard Briles Moriarity*, assistant attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *George K. Whyte, Jr.* and *Carmella A. Huser* of *Quarles & Brady, LLP*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

¶ 1. FINE, J. Carsandra Griffin and the Department of Workforce Development appeal from a judgment reversing a decision by the Department holding that Griffin did not have to take paid sick-leave that she had accrued as an employee of Milwaukee Transport Services, Inc., but, rather, could use instead unpaid medical-leave under the Wisconsin Family and Medical Leave Act, WIS. STAT. § 103.10. We reverse.

## I.

. ¶ 2. This case was presented to the Department, the circuit court, and to us on an agreed statement of facts. Griffin is an employee of Transport Services, and has been for some fifteen years. In 1998, Griffin requested from Transport Services six days of unpaid medical leave under the Family and Medical Leave Act. At the time of her request, Griffin had accumulated seventeen days of paid sick-leave under Transport Services's labor agreement with Griffin's union. Although Griffin specifically declined to use the paid company-provided sick-leave for the requested six-day leave, Transport Services substituted the paid sick-leave under the labor agreement for five of the six days—under the agreement, the first day was not "compensable." This case concerns whether Transport Services could make Griffin use company-provided paid sick-leave rather than the unpaid leave she opted for under the Act.

## II.

¶ 3. This appeal involves the application of a statute to uncontested facts. Ordinarily, this would present a pure question of law and be subject to our *de novo* review. *See Thelen v. DHSS*, 143 Wis. 2d 574, 577, 422 N.W.2d 146, 147 (Ct. App. 1988). Here, however, we are reviewing the decision of the Department of Workforce Development and not that of the circuit court, *see Barnes v. DNR*, 178 Wis. 2d 290, 302, 506 N.W.2d 155, 160 (Ct. App. 1993), and, we generally give to agency decisions at least some deference, *see Richland School District v. DILHR*, 174 Wis. 2d 878, 890–891, 498 N.W.2d 826, 830 (1993). *Richland School*

*District* held that an employee could substitute in place of the unpaid leave mandated by the Family and Medical Leave Act paid-leave granted by an employer even though the employee did not qualify for the employer-granted paid-leave. *Id.*, 174 Wis. 2d at 886–887, 888–890, 498 N.W.2d at 828–830. There are three levels of deference a court may give to decisions of administrative agencies.

> First, if the administrative agency's experience, technical competence, and specialized knowledge aid the agency in its interpretation and application of the statute, the agency determination is entitled to "great weight." The second level of review provides that if the agency decision is "very nearly" one of first impression it is entitled to "due weight" or "great bearing." The lowest level of review, the *de novo* standard, is applied where it is clear from the lack of agency precedent that the case is one of first impression for the agency and the agency lacks special expertise or experience in determining the question presented.

*Jicha v. DILHR*, 169 Wis. 2d 284, 290–291, 485 N.W.2d 256, 258–259 (1992) (internal citations omitted). Griffin and the Department argue that we should give to the Department's interpretation of the Family and Medical Leave Act "great weight," as did *Richland School District, see id.*, 174 Wis. 2d at 894, 498 N.W.2d at 832. Transport Services, on the other hand, urges that we review *de novo* the Department's interpretation of the statute because the Department's interpretation allegedly conflicts with two of the Department's regulations, WIS. ADMIN. CODE §§ DWD 225.01(9) & (10), and because the Department has had no experience in applying those regulations. We do not decide which standard of review applies, however,

because under any standard of review we conclude that the Act gives to Griffin the unambiguous right to substitute unpaid medical leave under the Act for the paid sick-leave offered by Transport Services. *See MCI Telecommunications Corp. v. State*, 209 Wis. 2d 310, 323, 562 N.W.2d 594, 600 (1997) (no need to assess deference due agency decision when agency determination is correct under any standard of review); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on narrowest possible ground).

■■

¶ 4. Our decision is controlled by provisions in the Family and Medical Leave Act, WIS. STAT. § 103.10. WISCONSIN STAT. § 103.10(4) establishes the general principle and provides, as material here:

> (a) Subject to pars. (b) and (c), an employe who has a serious health condition which makes the employe unable to perform his or her employment duties may take medical leave for the period during which he or she is unable to perform those duties.
> (b) No employe may take more than 2 weeks of medical leave during a 12-month period.[1]

WISCONSIN STAT. § 103.10(5) governs a covered employee's rights under the Act in connection with leave, paid or unpaid, that may be offered by the employer:

---

[1] WISCONSIN STAT. § 103.10(4)(c) is not material to our decision. In the interests of completeness, however, we set it out here. It reads: "An employe may schedule medical leave as medically necessary." The Wisconsin Statutes spell the word "employee" as "employe."

(a) This section does not entitle an employe to receive wages or salary while taking family leave or medical leave [mandated by the Act].[2]

(b) An employe may substitute, for portions of family leave or medical leave [mandated by the Act], paid or unpaid leave of any other type provided by the employer.

¶ 5. In analyzing whether Transport Services could force Griffin to take Transport Services's paid sick-leave rather than unpaid medical-leave under the Act, we must, of course, give effect to the legislature's intent. *See Doe v. American National Red Cross*, 176 Wis. 2d 610, 616, 500 N.W.2d 264, 266 (1993). We begin our analysis by looking at the statute to determine whether its language is clear. *De Bruin v. State*, 140 Wis. 2d 631, 635, 412 N.W.2d 130, 131 (Ct. App. 1987). If it is clear, we must apply its plain meaning. *DNR v. Wisconsin Power & Light Co.*, 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

¶ 6. As we have seen, the provisions pertinent to this appeal grant to the covered employee the decision whether to take leave provided by the employer rather than leave mandated by the Act. WISCONSIN STAT. § 103.10(5)(b) provides: "An employe may substitute, for portions of family leave or medical leave, paid or unpaid leave of any other type provided by the

---

[2] The bracketed words are added because the Family and Medical Leave Act does not prevent an employer from offering paid family leave or paid medical leave. *See* WIS. STAT. § 103.10(2)(a) ("Nothing in this section prohibits an employer from providing employes with rights to family leave or medical leave which are more generous to the employe than the rights provided under this section.").

employer."[3] The word "may" gives the person to whom power is thereby delegated the option of doing something or not doing something. *See Hansher v. Kaishian,* 79 Wis. 2d 374, 387–388, 255 N.W.2d 564, 571–572 (1977) (word "may" is a delegation of discretion); *Metropolitan Sewerage Comm'n. v. R.W. Constr., Inc.,* 72 Wis. 2d 365, 381, 241 N.W.2d 371, 381 (1976) (word "may" is a delegation of discretion); *Kotecki & Radtke, S.C. v. Johnson,* 192 Wis. 2d 429, 447–448. 531 N.W.2d 606, 613 (Ct. App. 1995) ("A general rule of statutory

---

[3] This contrasts with the Federal Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.,* which permits the employer to force the employee to substitute company-offered leave for leave mandated by the federal act: "An eligible employee may elect, or *an employer may require the employee,* to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under subparagraph (A), (B), or (C) of subsection (a)(1) of this section for any part of the 12-week period of such leave under such subsection." 29 U.S.C. § 2612(d)(2)(A) (emphasis added); "An eligible employee may elect, *or an employer may require the employee,* to substitute any of the accrued paid vacation leave, personal leave, or medical or sick-leave of the employee for leave provided under subparagraph (C) or (D) of subsection (a)(1) of this section for any part of the 12-week period of such leave under such subsection, except that nothing in this subchapter shall require an employer to provide paid sick-leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave." 29 U.S.C. § 2612(d)(2)(B) (emphasis added). This forced-election provision does not trump WIS. STAT. § 103.10(5)(b) because states may grant to employees rights broader than those provided by the federal act: "Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act." 29 U.S.C. § 2651(b).

construction is that the word 'may' is construed as permissive or allowing discretion."). A regulation promulgated by the Department reiterates that the employee has "the option" to choose which leave to take, and prevents the employer from forcing the employee "to substitute any other paid or unpaid leave available to the employe for either family or medical leave under the act." WIS. ADMIN. CODE §§ DWD 225.03(1) & (3). These provisions read in full:

> (1) At the option of the employe, an employe entitled to family or medical leave under the act may substitute, for any leave requested under the act, any other paid or unpaid leave which has accrued to the employe.
> (3). The employer may not require an employe to substitute any other paid or unpaid leave available to the employe for either family or medical leave under the act.

The circuit court interpreted both WIS. STAT. § 103.10(5)(b) and §§ DWD 225.03(1) & (3) as encompassing only those situations where the employee, as in *Richland School District*, wants, in the circuit court's words, "to utilize a different type of leave such as vacation or personal days, provided by the employer, in place of the family or medical leave guaranteed by" the Family and Medical Leave Act. We need not decide, however, whether the circuit court's narrow analysis of these provisions is correct because the two types of leave at issue here are not wholly congruent and are, therefore, different.

¶ 7. The Family and Medical Leave Act grants "medical leave" to employees who need time away from work because of "a serious health condition which makes the employe unable to perform his or her employment duties." WIS. STAT. § 103.10(4)(a). Sick-

344

leave granted by Transport Services to its eligible employees, however, is not so limited. The Department found as a fact that is not disputed on this appeal that "sick-leave under [Transport Services's labor agreement with its employees' union] is available as a contractual right for sicknesses less serious than what constitutes a serious health condition under the [Family and Medical Leave Act]." Under the labor agreement, sick-leave is available to employees who have only an "illness"—that "illness" need not be what the Act describes as "a serious health condition which makes the employe unable to perform his or her employment duties." Thus, the unpaid "serious health condition" leave that Griffin sought under the Act, *is* different from the paid "illness"-leave Transport Services wanted her to deplete.

¶ 8. Transport Services contends that, under the circumstances here, WIS. ADMIN. CODE §§ DWD 225.01(9) & (10) require that an employee's accrued company-leave be depleted on a day-to-day basis even if the employee opts to take leave under the Act. These provisions read in full:

> (9) To the extent that an employer grants leave to an employe relating to the employe's own health in a manner which is no more restrictive than the leave available to that employe under s. 103.10 (4), Stats., the leave granted by the employer shall be deemed to be leave available to that employe under s. 103.10 (4), Stats.[4]
>
> (10) To the extent that leave granted by an employer to an employe is deemed by this subsection to be leave available to that employe under the

---

[4] As we have seen, WIS. STAT. § 103.10(4) grants medical leave under certain circumstances to those employees with "a serious health condition."

act, the use of that leave granted by the employer shall be use of that leave available under the act.

(Footnote added.) These regulations do not carry the load Transport Services would have them bear.

¶ 9. If a regulation conflicts with a statute, the statute governs. *See Village of Plain v. Harder*, 268 Wis. 507, 511, 68 N.W.2d 47, 50 (1955). We should, if at all possible, construe regulations to harmonize them with any applicable statute. *County of Milwaukee v. Superior of Wisconsin, Inc.*, 2000 WI App 75, ¶ 21, 234 Wis. 2d 218, 230, 610 N.W.2d 484, 490. For the reasons we explain below, WIS. ADMIN. CODE §§ DWD 225.01(9) & (10) simply do not apply here.

¶ 10. As we have seen, WIS. STAT. § 103.10(4) permits a covered employee to take no more than two weeks of unpaid medical-leave—that is, leave for a disabling "serious health condition." Every covered employee is entitled to this irrespective of whether his or her employer also grants either paid or unpaid health-care leave. Under WIS. ADMIN. CODE §§ DWD 225.01(9) & (10), if the employer gives to the employee leave that "is no more restrictive than the leave available" to the employee by virtue of the Act, then that employer-provided leave is "deemed to be leave available to that employe under" the Act, and, if so, "the use of that *leave granted by the employer* shall be use of that leave available under the act." (Emphasis added.) Thus, under subsections (9) and (10), had Griffin opted to take the leave provided by Transport Services, use of that leave would have also, simultaneously, depleted, on a day for day basis, leave granted by the Act, if, contrary to the finding of the Department, Transport Services's health-care leave was "no more restrictive"

than medical leave under the Act. We need not decide whether this would contravene the statute, however, because this is not what Griffin did. Rather, Griffin opted to take unpaid leave under *the Act*, which WIS. STAT. § 103.10(4)(b) gives her every right to do.[5] Stated another way, subsection (9)'s direction that "leave granted by the employer shall be deemed to be leave available" to the employee under the Act—that is, uniting the two pools from which an employee may take leave—is only triggered by the prerequisite action under subsection (10). This happens only where the employee opts to first use leave granted by the employer, and only results in the depletion of leave mandated by the Act. Griffin did not opt to use leave granted by Transport Services, and moreover, Transport Services is not seeking to deplete Griffin's leave under the Act. Accordingly, subsections (9) and (10) do not apply here.[6]

*By the Court.*—Judgment reversed.

[5] Thus, we also do not decide whether the Department of Workforce Development correctly determined that Transport Services's medical leave was "more restrictive" than medical leave mandated by the Family and Medical Leave Act. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

[6] Both parties give us extensive legislative history to WIS. ADMIN. CODE §§ DWD 225.01(9) & (10). As with construing statutes, such history is only material to our analysis when the regulation is ambiguous. *See Blumer v. Department of Health and Family Services*, 2000 WI App 150, ¶ 17, 237 Wis. 2d 810, 821–822, 615 N.W.2d 647, 652 (construction of statutes). There is no ambiguity here. The regulations simply do not apply to what Transport Services wants to do, namely to deplete Griffin's accrued leave *under the labor agreement* (rather than, as provided by subsection (10), "leave available under the act") because Griffin opted to take leave mandated by the Act (rather

¶ 11. SCHUDSON, J. *(concurring)*. Although I arrive at the majority's destination, my bus travels a more direct route.

¶ 12. Griffin is an employee covered by the Wisconsin Family and Medical Leave Act (WFMLA). She also is an employee covered under the labor agreement between her union and Milwaukee Transport Service (MTS). Under the WFMLA, Griffin is entitled to no more than two weeks of unpaid medical leave each year for "a serious health condition which makes the employee unable to perform . . . employment duties." Under her labor agreement, beginning with her second year of employment, Griffin is entitled to eight days of paid sick leave and the accruement of unused sick leave.

¶ 13. Due to a disabling illness, Griffin was unable to perform her duties on May 23, 24, 27, 28, 29 and 30, 1998. On May 27, she requested unpaid medical leave under the WFMLA. On her application for medical leave, Griffin responded "no" to the question asking whether she wanted to substitute accrued paid sick leave under her labor contract for unpaid medical leave under the WFMLA. Despite her negative response, MTS substituted paid sick leave under her labor contract for unpaid medical leave under the WFMLA, for the last five of the six days of her absence from work.

¶ 14. Apparently, Griffin was willing to forego paid sick leave under her labor contract in order to preserve such paid sick leave for possible future use, and for purposes beyond the "serious health condition" covered under the WFMLA. Her desire to do so was protected under WIS. STAT. § 103.10(5)(b), which states: "An employe[e] may substitute, for portions of family

---

than, as provided by subsection (10), "leave granted by the employer").

348

leave or medical leave, paid or unpaid leave of any other type provided by the employer."

¶ 15. The Department of Workforce Development regulations further clarify that Griffin had the option to do so. Wisconsin Administrative Code § DWD 225.03 provides:

> **Substituting leave. (1)** At the option of the employe[e], an employe[e] entitled to family or medical leave under the act may substitute, for any leave requested under the act, any other paid or unpaid leave that has accrued to the employe[e].
>
> . . . .
>
> **(3)** The employer may not require an employe[e] to substitute any other paid or unpaid leave available to the employe[e] for either family or medical leave under the act.

And in *Richland School District v. DILHR*, 174 Wis. 2d 878, 498 N.W.2d 826 (1993), the supreme court further confirmed the employee's right to substitute, stating: "When the employer provides leave, the statute does not restrict or limit the employe[e]'s power of substitution; the decision to substitute is left to the employe[e]'s discretion. Nor does the statute state that the employe[e]'s right to substitute is limited by the terms of a collective bargaining agreement." *Id.* at 895.

¶ 16. Under the unambiguous words of the statute and regulation, and as further confirmed by the supreme court in *Richland*, Griffin alone had the option to substitute; she elected not to do so. MTS had no authority to override her decision. Thus, I agree with the majority's conclusion and respectfully concur.