COURT OF APPEALS
DECISION
DATED AND FILED

**May 6, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2020AP406**

**STATE OF WISCONSIN**

Cir. Ct. Nos.  2019CV863
2019CV871

**IN COURT OF APPEALS
DISTRICT IV**

---

WI DEPT. OF AGRICULTURE, TRADE, AND CONSUMER PROTECTION
AND WISCONSIN DEPARTMENT OF ADMINISTRATION,

   PETITIONERS-RESPONDENTS-CROSS-RESPONDENTS,

CLAIRE R. FRIED,

   PETITIONER-APPELLANT-CROSS-RESPONDENT,

  V.

WISCONSIN EMPLOYMENT RELATIONS COMMISSION,

   RESPONDENT-RESPONDENT-CROSS-APPELLANT.

-------------------------------------------------------------

CLAIRE R. FRIED,

   PETITIONER-APPELLANT-CROSS-RESPONDENT,

  V.

**WISCONSIN EMPLOYMENT RELATIONS COMMISSION,**

**RESPONDENT-RESPONDENT-CROSS-APPELLANT.**

---

APPEAL and CROSS-APPEAL from an order of the circuit court for Dane County: RHONDA L. LANFORD, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Claire Fried appeals a circuit court order reversing a Wisconsin Employment Relations Commission decision concluding that Fried had displacement rights under WIS. ADMIN. CODE § ER-MRS 22.08(3) (Dec. 2015). The issue we address is whether WIS. STAT. § 230.34(2)(b) (2013-14)[1] as amended by 2015 Wis. Act 150 eliminated the displacement rights and invalidated § ER-MRS 22.08(3) (Dec. 2015). We conclude that the amended statute eliminated the displacement rights and invalidated § ER-MRS 22.08(3). Accordingly, we affirm the circuit court.[2]

---

[1] All references to the Wisconsin Statutes are to the 2013-14 version unless otherwise noted.

[2] The Commission cross-appeals. The Commission argues that, if we reverse the circuit court, then we should resolve the issues raised in its cross-appeal that the circuit court found to be moot. Because we affirm the circuit court, we do not address those issues.

## *Background*

¶2    Fried was employed by the Department of Agriculture, Trade, and Consumer Protection.  In November 2017, the Department laid off Fried without providing her with the displacement rights set forth in WIS. ADMIN. CODE § ER-MRS 22.08(3).  Fried filed a grievance, which was denied by the Department of Administration based on its determination that 2015 Wis. Act 150 eliminated displacement rights.

¶3    Fried sought further administrative review and obtained a decision in her favor from the Commission.  The Commission concluded that Fried was entitled to displacement rights as set forth in WIS. ADMIN. CODE § ER-MRS 22.08(3) and that 2015 Wis. Act 150 did not supersede § ER-MRS 22.08(3).

¶4    The Department of Agriculture, Trade, and Consumer Protection and the Department of Administration petitioned the circuit court for review of the Commission's decision.  The circuit court reversed the Commission, concluding that WIS. STAT. § 230.34(2)(b) as amended by 2015 Wis. Act 150 eliminated displacement rights and invalidated WIS. ADMIN. CODE § ER-MRS 22.08(3).

## *Discussion*

¶5    We review the Commission's decision, not the circuit court's decision.  *See* ***Honthaners Rests., Inc. v. LIRC***, 2000 WI App 273, ¶8, 240 Wis. 2d 234, 621 N.W.2d 660.  As noted, the issue is whether WIS. STAT. § 230.34(2)(b) as amended by 2015 Wis. Act 150 eliminated Fried's displacement rights and invalidated WIS. ADMIN. CODE § ER-MRS 22.08(3).  This issue presents a question of statutory interpretation, and we review the Commission's interpretation of a statute de novo.  *See* WIS. STAT. § 227.57(11) (2019-20) ("Upon review of an

agency action or decision, the court shall accord no deference to the agency's interpretation of law."); *see also* **Tetra Tech EC, Inc. v. DOR**, 2018 WI 75, ¶84, 382 Wis. 2d 496, 914 N.W.2d 21.

¶6 For the reasons explained below, we agree with the Department of Agriculture, Trade, and Consumer Protection and the Department of Administration that the amended statute eliminated Fried's displacement rights and invalidated WIS. ADMIN. CODE § ER-MRS 22.08(3), and we reject Fried's and the Commission's interpretation of the statute to the contrary.

¶7 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" **State ex rel. Kalal v. Circuit Court for Dane Cnty.**, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶8 Importantly for purposes here, "'[a] review of statutory history is part of a plain meaning analysis' because it is part of the context in which we interpret statutory terms." **County of Dane v. LIRC**, 2009 WI 9, ¶27, 315 Wis. 2d 293, 759 N.W.2d 571 (quoted source omitted). "The materials reviewed when considering statutory history consist of 'the previously enacted and repealed provisions of a statute.'" *Id.* (quoted source omitted).

¶9 Prior to 2015 Wis. Act 150, the statute at issue here provided agency authority to promulgate rules governing displacement rights:

> The director shall promulgate rules governing layoffs and
> appeals therefrom and alternative procedures in lieu of layoff

> to include voluntary and involuntary demotion *and the exercise of a displacing right to a comparable or lower class*, as well as the subsequent employee right of restoration or eligibility for reinstatement.

WIS. STAT. § 230.34(2)(b), as amended by 2015 Wis. Act 55, § 3772 (emphasis added).

¶10     By the time of Fried's layoff, however, the statute had been amended by 2015 Wis. Act 150 to eliminate agency authority to promulgate rules governing displacement rights.  It reads:

> The director shall promulgate rules governing layoffs and appeals therefrom and alternative procedures in lieu of layoff to include voluntary and involuntary demotion, as well as the subsequent employee eligibility for reinstatement.

WIS. STAT. § 230.34(2)(b) (2015-16).

¶11     Thus, a comparison of the statutory language before and after 2015 Wis. Act 150 reads as follows:

> The director shall promulgate rules governing layoffs and appeals therefrom and alternative procedures in lieu of layoff to include voluntary and involuntary demotion ~~and the exercise of a displacing right to a comparable or lower class~~, as well as the subsequent employee ~~right of restoration or~~ eligibility for reinstatement.

¶12     We agree with the Department of Agriculture, Trade, and Consumer Protection and the Department of Administration that this change to the statutory language clearly and unambiguously shows that the legislature eliminated displacement rights, and that the amended statute therefore invalidated the displacement rights set forth in WIS. ADMIN. CODE § ER-MRS 22.08(3).  We disagree with Fried and the Commission that the amended statute left § ER-MRS 22.08(3) in place as a pre-existing rule and affected only agency authority to

promulgate new rules going forward. Once the legislature eliminated agency authority to promulgate rules governing displacement rights, § ER-MRS 22.08(3) was no longer valid because the rule exceeded the agency's authority and conflicted with the amended statute. As our supreme court has explained:

> Although the [agency] has authority to promulgate a rule, the "rule is not valid if it exceeds the bounds of correct interpretation." Wis. Stat. § 227.11(2)(a); *see Seider*, 236 Wis. 2d 211, ¶71. "A rule exceeds an agency's statutory authority if it conflicts with an unambiguous statute" by contradicting either the language of a statute or legislative intent. [*Seider*, 236 Wis. 2d 211], ¶72. In cases in which a conflict arises between a statute and an administrative rule, the statute prevails.

*State ex rel. Castaneda v. Welch*, 2007 WI 103, ¶43, 303 Wis. 2d 570, 735 N.W.2d 131; *see also Milwaukee Transp. Servs., Inc. v. DWD*, 2001 WI App 40, ¶9, 241 Wis. 2d 336, 624 N.W.2d 895 ("If a regulation conflicts with a statute, the statute governs.").

¶13　Fried contends that the phrase "to include" in the amended statute should be read expansively, as permitting the promulgation of rules on matters not expressly listed in the statute, including displacement rights. We disagree that "to include" can be read so expansively as to include displacement rights. Regardless of how "to include" might ordinarily be interpreted, and regardless of whether it might be interpreted here to permit rules on matters not expressly listed, it would be absurd and unreasonable to read the amended statute to allow for precisely what the legislature expressly eliminated.

¶14　Fried next argues that it is absurd and unreasonable to interpret the amended statute to invalidate pre-existing rules governing layoffs when replacement rules were not promulgated until two years after the statute was amended. Fried argues that this would mean that "for 2 years Agency HR personnel

6

had no guidance on layoff procedures and could simply create their own rules on an ad hoc basis." This argument is not persuasive. We do not interpret the amended statute to invalidate all pre-existing layoff rules. Rather, like the circuit court, we more narrowly conclude that the amended statute invalidated the displacement rights provisions in WIS. ADMIN. CODE § ER-MRS 22.08(3).[3]

¶15     Finally, Fried argues that, if the legislature had intended for 2015 Wis. Act 150 to immediately invalidate WIS. ADMIN. CODE § ER-MRS 22.08(3), the legislature could have expressly repealed § ER-MRS 22.08(3). Fried also argues that, if the agency bureau director believed that the legislature intended for 2015 Wis. Act 150 to modify displacement rights under § ER-MRS 22.08(3), the director could have promulgated an emergency rule. However, there was no need for an express legislative repeal or an emergency rule because, as discussed above, when a statute and an administrative rule conflict, the statute prevails.

¶16     In sum, for the reasons stated above, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

---

[3] The current version of WIS. ADMIN. CODE § ER-MRS 22.08 no longer includes the subsection (3) replacement rights. *See* § ER-MRS 22.08 (July 2018).

7